# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER T. TOMLINSON,

    Plaintiff,

  v.                              Case No. 07-C-0732

ROUNDY'S SUPERMARKETS, INC.,

    Defendant.

## DECISION AND ORDER ON PETITION TO PROCEED IN FORMA PAUPERIS

On August 13, 2007, the plaintiff, Christopher T. Tomlinson ("Tomlinson"), filed a complaint naming Roundy's Supermarkets, Inc. ("Roundy's") as the defendant. Accompanying Tomlinson's complaint is a petition and affidavit to proceed in forma pauperis. For the reasons which follow, Tomlinson's petition to proceed in forma pauperis will be denied and this action will be dismissed.

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts. *Nietzke v. Williams*, 490 U.S. 319, 327 (1989). To authorize a litigant to proceed in forma pauperis, the court must first determine that the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine that the action is neither frivolous nor malicious, does not fail to state a claim, and does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). In making the latter determination, the court must give a pro se plaintiff's allegations, "however inartfully pleaded," a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In his petition and affidavit for leave to proceed in forma pauperis, Tomlinson states that

his current monthly income is $1,300.00. Tomlinson reports that he pays monthly rent in the amount of $600.00; that he has monthly credit card payments due in the amount of $180.00; that he has monthly student loans due in the amount of $50.00; that he has monthly medical costs in the amount of $80.00, utility bills in the amount of $250.00, a phone bill in the amount of $60.00, and costs for food and child care for two children in the combined amount of $1,330.00. Given the foregoing, it would appear that Tomlinson is indigent for purposes of the in forma pauperis statute.

However, before allowing a plaintiff to proceed without paying costs, a court must also determine that the action is not frivolous or malicious, does not fail to state a claim, and does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). In that connection, the court notes that the "Notice of Suit Rights" which is attached to the plaintiff's complaint was issued by the EEOC on January 30, 2007 in connection with EEOC Charge No. 443-2006-03491. That notice advises the plaintiff that he "may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost."

Obviously, Tomlinson's complaint in this action was not filed within 90 days of his receipt of the notice. To the contrary, it was filed more than 6 ½ months after the issuance of the right to sue notice. Thus, it is untimely and subject to dismissal for failure to state a claim.

However, this is not the first complaint Tomlinson has filed against Roundy's. Indeed, he is currently the plaintiff in an action against Roundy's in which he seeks relief based on a claim of disability discrimination. See *Tomlinson v. Roundy's Supermarkets, Inc*, Case No. 07-C-223 (E.D. Wis.). The claim in Case No. 07-C-223 appears to be predicated on the same term of employment with Roundy's as is the claim in this later-filed complaint. Indeed, the very same "Notice of Suit Rights" form that is attached to the complaint in the instant case is also attached to the complaint in Case No. 07-

2

C-223. Thus, it may be that the claim set forth in the instant complaint is part of (or could be part of) that earlier-filed action.[1]

In any event, to the extent that Tomlinson's complaint in this action sets forth claims that were part of EEOC Charge No. 443-2006-03491 and are not part of Case No. 07-C-223, they are now time-barred.

In conclusion, and for all of the foregoing reasons, Tomlinson's petition to proceed in forma pauperis will be denied and this action will be dismissed.

**NOW THEREFORE IT IS ORDERED** that Tomlinson's petition to proceed in forma pauperis be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED**.

**SO ORDERED** this 29th day of August 2007, at Milwaukee, Wisconsin.

s/ Rudolph T. Randa
Hon. Rudolph T. Randa
Chief United States District Judge

---

[1] The court notes that the parties in Case No. 07-C-223 are scheduled to participate in a mediation session with Magistrate Judge Patricia J. Gorence on September 11, 2007.

3