UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER T. TOMLINSON,

    Plaintiff,

  v.                                    Case No. 07-C-223

ROUNDY'S SUPERMARKETS, INC.,

    Defendant.

---

CHRISTOPHER T. TOMLINSON,

    Plaintiff,

  v.                                    Case No. 07-C-732

ROUNDY'S SUPERMARKETS, INC.,

    Defendant.

---

**ORDER GRANTING THE DEFENDANT'S MOTION FOR CONSOLIDATION**

---

On March 7, 2007, the plaintiff, Christopher T. Tomlinson ("Tomlinson"), filed a suit against the defendant, Roundy's Supermarkets, Inc. ("Roundy's"), alleging disability discrimination under the Americans with Disabilities Act ("ADA"). The clerk of court assigned the case number 07-C-223 (hereinafter referred to as "*Tomlinson I*"), and the case was randomly assigned to this court. On June 14, 2007, the court issued a scheduling order to govern the processing of *Tomlinson I*. The court amended the original scheduling order on September 14, 2007 and again on September 26, 2007.

On August 13, 2007, Tomlinson filed a second suit against Roundy's, alleging that Roundy's retaliated against him for filing an ADA charge against it with the Equal Employment Opportunity Commission ("EEOC"). The clerk of court assigned the case number 07-C-732[1] (hereinafter referred to as "*Tomlinson II*"), and the case was assigned to this court. The court has not yet issued a scheduling order to govern the processing of *Tomlinson II*.

On December 13, 2007, the defendant filed a motion to consolidate *Tomlinson I* and *Tomlinson II*.

Federal Rule of Civil Procedure 42(a) provides that

> [w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Consolidation is permitted as a matter of convenience and judicial economy, and the court is given broad discretion to determine whether consolidation is appropriate. *Fleishman v. Prudential-Bache Sec., Inc.*, 103 F.R.D. 623, 624 (E.D. Wis. 1984).

The court finds that consolidation is appropriate in this instance. Here, both *Tomlinson I* and *Tomlinson II* involve the same plaintiff and defendant and are premised on the same factual and legal allegations. Specifically, the cases address whether Roundy's properly responded to Tomlinson's allegations of harrassment and whether Roundy's retaliated against him for filing an EEOC charge premised on those allegations of harassment. As a matter of judicial economy, it makes sense to consolidate these proceedings. Additionally, because both cases share similar questions of law and

---

[1] Throughout the defendant's motion to consolidate, the defendant inadvertently refers to case number 07-C-732 as 07-C-723. However, it is clear to the court that the defendant wishes to consolidate case numbers 07-C-223 and 07-C-732.

fact, the court will order the *Tomlinson I* scheduling order, as amended, to govern the processing of the consolidated cases.

Furthermore, Civil Local Rule 42.1(b) provides that, "[w]hen two or more cases are consolidated, all documents relevant to the purposes for which consolidation was granted will thereafter be docketed only on the docket sheet for the lowest numbered of the consolidated cases." Accordingly, the parties are directed to file all documents concerning the now-consolidated cases 07-C-223 and 07-C-732 in case number 07-C-223.

**NOW THEREFORE IT IS ORDERED** that the defendant's motion to consolidate be and hereby is **GRANTED;**

**IT IS FURTHER ORDERED** that the second amended scheduling order for 07-C-223 shall govern the processing of now-consolidated cases 07-C-223 and 07-C-732. For the convenience of the parties, a copy of the second amended scheduling order in case number 07-C-223 is attached to the instant order.

**SO ORDERED** this 17th day of December 2007, in Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge